IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMMUNICATIONS TEST DESIGN, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> CONTEC, LLC. <br><br> *Defendant.* | Civil Action <br><br> No. <br><br> Jury Trial Demanded |

## COMPLAINT

Plaintiff Communications Test Design, Inc ("CTDI"), by and through its attorneys, for its Complaint against defendant Contec, LLC ("Defendant"), alleges as follows:

### NATURE OF THE ACTION

1. This is an action arising under the Declaratory Judgment Act , 28 U.S.C. §§ 2201 and, 2202, and patent laws of the United States, including Title 35, United States Code seeking declaratory judgment of non-infringement of United States Patent Nos. 8,209,732 (the "732 Patent") and 8,689,071 (the "071 Patent")

### PARTIES

2. CTDI is a Pennsylvania corporation with a principal place of business at 1373 Enterprise Drive, West Chester, Pennsylvania, 19380.

3. Defendant is a Delaware limited liability company with a principal place of business at 1023 State Street, Schenectady, New York 12307.

6392012.1

**JURISDICTION AND VENUE**

4. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. § 1 et seq.

5. This court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

6. Personal jurisdiction over Defendant is proper in this District because it has availed itself of the rights and benefits of the laws of Pennsylvania, and it has conducted business, and it has systematic and continuous business contacts with Pennsylvania.

7. Venue is proper in this district under 28 U.S.C. § 1391(b) because Defendant is subject to personal jurisdiction in this judicial district, and has directed its business, licensing, and enforcement activities at this judicial district, and a substantial part of the events giving rise to the claim occurred in this judicial district at CTDI's West Chester place of business.

**THE PATENTS AT ISSUE**

8. The 732 Patent for an "Arrangement and Method for Managing Testing and Repair of Set-Top Boxes" was filed on September 27, 2007, and issued on June 26, 2012. A copy of the 732 Patent is attached hereto as Exhibit A.

9. The 732 Patent is directed to an arrangement for managing set-top boxes used by customers of a content service provider after the set-top boxes have been disconnected by the customers from their equipment, returned by the customers to the content service provider, and moved to a common testing facility maintained by the content service provider. An automated tester runs a series of automated tests to determine whether each set-top box is functioning properly or requires subsequent repair. The automated tester is arranged to categorize each

tested set-top box into categories of one in acceptable working order, one having a problem that can be resolved at the testing facility and one having a problem that requires subsequent shipment to a repair facility. A processor unit is coupled to the automated tester, receives test results from the automated tester and coordinates shipment of the set-top boxes. Each set-top box categorized as being in acceptable working order is redeployable, each set-top box categorized as having a problem that can be resolved at the testing facility is corrected at the site of the automated tester, and each set-top box categorized as having a problem requiring subsequent shipment to a repair facility is shipped to the repair facility.

10. On information and belief, Defendant is the assignee of all right, title, and interest in the 732 Patent.

11. The 071 Patent for a "Multimedia Device Test System" was filed on August 30, 2010, and issued on April 1, 2014. A copy of the 071 Patent is attached hereto as Exhibit B.

12. The 071 Patent is directed to a test system having a supervisor unit coupled to a control interface. The control interface is coupled to first and second test modules, wherein each test module has a first logic module to test macro blocking errors, a second logic module to perform optical character recognition, a third logic module to perform signal to noise ratio measurement, and a fourth logic module to perform random noise measurement. Each test module is coupled to a device under test, wherein the four logic modules are applied to test a menu-driven video decoding device.

13. On information and belief, Defendant is the assignee of all right, title, and interest in the 071 Patent.

## FACTUAL BACKGROUND

14. Since at least 2007, CTDI has developed, manufactured, and been using the Gen3 and Gen5 test systems, ("Test Systems") within the United States for testing set-top boxes and multimedia devices.

15. On September 6, 2017, Defendant's counsel sent CTDI correspondence which identified the 732 and 071 Patents, referred to CTDI's Test Systems and demanded information from CTDI which was unknown by Defendant and necessary to establish whether the Test Systems infringe any claims of the 732 and 071 Patents.

16. Since that time, CTDI's counsel have cooperated with Defendant's counsel exchanging numerous emails and letters, and participated in face-to-face and telephone conferences, regarding the 732 and 071 Patents and at least ten other patents identified by Defendant. In those many exchanges, CTDI disclosed details of the Test Systems and other CTDI systems to Defendant's counsel under a confidentiality agreement.

17. Through these exchanges CTDI clearly expressed the reasons why its Test Systems do not infringe the 732 Patent since they lack one or more elements of the 732 Patent claims. For example, and in the least, the Test Systems are not arranged to categorize each tested set-top box into categories of one in acceptable working order, one having a problem that can be resolved at the testing facility and one having a problem that requires subsequent shipment to a repair facility. Furthermore in the least, the Test Systems do not include a processor unit which coordinates shipment of the set-top boxes.

18. Through these exchanges CTDI clearly expressed the reasons why its Test Systems do not infringe the 071 Patent since they lack one or more elements of the 071 Patent claims. For example, and in the least, the Test Systems do not include a logic module to

6392012.1

perform signal to noise ratio measurement, or random noise measurement according to the 071 Patent.

## EXISTENCE OF AN ACTUAL CONTROVERSY

19. There is an actual controversy within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202.

20. In a letter dated September 12, 2018, Defendant's counsel stated that the parties extrajudicial process for obtaining information about CTDI's systems, without the full discovery obligations that would be imposed during litigation, has proved unsatisfactory to Contec. The letter demanded that CTDI enter into licensing negotiations within two weeks or be subjected to the filing of a draft complaint for patent infringement which was attached to the demand letter.

21. Based on the foregoing, a justiciable controversy exists between CTDI and Defendant as to whether CTDI's Test Systems infringe the 732 and 071 Patents.

22. Absent a declaration of non-infringement, Defendant will continue to wrongfully allege that CTDI's Systems infringe the 732 and 071 Patents, and thereby cause CTDI irreparable injury and damage.

## COUNT I

## DECLARATORY JUDGEMENT OF NON-INFRINGEMENT

23. CTDI repeats and realleges paragraphs 1 through 22 hereof, as if fully set forth herein.

24. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of non-infringement.

25. A judicial declaration is necessary and appropriate so that CTDI may ascertain its rights regarding its Test Systems and the 732 Patent.

26. CTDI is entitled to a declaratory judgment that CTDI does not make, use, sell, offer for sale, or import into the United States, and has not made, used, sold, offered for sale, or imported into the United States any products or methods that infringe, either directly or indirectly, any valid and enforceable claims of the 732 Patent under 35 U.S.C. § 271.

## COUNT II

### DECLARATORY JUDGEMENT OF NON-INFRINGEMENT

27. CTDI repeats and realleges paragraphs 1 through 22 hereof, as if fully set forth herein.

28. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of non-infringement.

29. A judicial declaration is necessary and appropriate so that CTDI may ascertain its rights regarding its Test Systems and the 071 Patent.

30. CTDI is entitled to a declaratory judgment that CTDI does not make, use, sell, offer for sale, or import into the United States, and has not made, used, sold, offered for sale, or imported into the United States any products or methods that infringe, either directly or indirectly, any valid and enforceable claims of the 071 Patent under 35 U.S.C. § 271.

## JURY DEMAND

CTDI hereby requests a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

6392012.1

## **PRAYER FOR RELIEF**

**WHEREFORE**, CTDI requests judgment against Defendant as follows:

(a) Adjudging that Plaintiff has not infringed and is not infringing, either directly or indirectly, any valid and enforceable claim of the 732 Patent, in violation of 35 U.S.C. § 271;

(b) Adjudging that Plaintiff has not infringed and is not infringing, either directly or indirectly, any valid and enforceable claim of the 071 Patent, in violation of 35 U.S.C. § 271;

(c) A judgment that Defendant and each of its officers, directors, agents, counsel, servants, employees, and all of persons in active concert or participation with any of them, be restrained and enjoined from alleging, representing, or otherwise stating that CTDI infringes any claims of the 732 Patent or from instituting or initiating any action or proceeding alleging infringement of any claims of the 732 Patent against CTDI or any customers, manufacturers, users, importers, or sellers of CTDI;

(d) A judgment that Defendant and each of its officers, directors, agents, counsel, servants, employees, and all of persons in active concert or participation with any of them, be restrained and enjoined from alleging, representing, or otherwise stating that CTDI infringes any claims of the 071 Patent or from instituting or initiating any action or proceeding alleging infringement of any claims of the 071 Patent against CTDI or any customers, manufacturers, users, importers, or sellers of CTDI;

6392012.1

(e) Declaring CTDI as the prevailing party and this case as exceptional, and awarding CTDI its reasonable attorneys' fees, pursuant to 35 U.S.C. § 285;

(f) That Defendant be ordered to pay all fees, expenses, and costs associated with this action; and

(g) Awarding such other and further relief as this Court deems just and proper.

6392012.1

BARLEY SNYDER

Dated: September 21, 2018

By: *Salvatore Anastasi/gcw*
Salvatore Anastasi, Esquire
PA ID No.: 78314
2 Great Valley Parkway, Suite 110
Malvern, PA 19355
(610) 722-3899

By: *George Werner*
George C. Werner, Esquire
PA ID No. 28757
126 East King Street
Lancaster, PA 17602
(717) 299-5201

Attorneys for Plaintiff, Communications Test Design, Inc.